UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. PUGNO,

    Plaintiff,                                              Hon. Janet T. Neff

v.                                                          Case No. 1:11-cv-01159

BANK OF AMERICA, N.A., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Enforce Settlement Agreement (Dkt. 41), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). The initial hearing on this motion was held on November 28, 2012, at which time the motion was taken under advisement to give plaintiff an opportunity to retain counsel. Following appearance of counsel for plaintiff, an on-the-record status conference was held on January 10, 2013. For reasons stated on the record at the January 10, 2013 proceeding, the undersigned recommends that defendants' motion be granted.

The following facts are contained in defendants' motion and have not been disputed by plaintiff. On June 14, 2012, plaintiff's previous counsel, Peter J. Staver,[1] notified defense counsel that he had received authority from plaintiff concerning principal terms of a settlement. The parties agreed that plaintiff could have until July 12, 2012 to move out of the property in exchange for a

---

[1] On August 13, 2012, Attorney Staver was allowed to withdraw as counsel for plaintiff (Dkt. 34).

dismissal of plaintiff's complaint with prejudice and with all parties bearing their own costs and expenses (Dkt. 41, Exh. 1). They also agreed that any escrowed funds would be returned to Fannie Mae. (Id.) On June 22, 2012, defense counsel forwarded to plaintiff's counsel a copy of the draft settlement agreement (Dkt. 41, Exh. 2). On July 11, 2012, plaintiff's counsel was advised that both defendants had executed the settlement agreement (Dkt. 41, Exh. 3). On July 16, 2012, plaintiff's counsel confirmed that plaintiff was to appear at plaintiff's counsel's office to sign the settlement agreement and conclude the matter (Dkt. 41, Exh. 4). On July 19, 2012, plaintiff's counsel again confirmed that plaintiff would "absolutely" sign the settlement agreement. Further, plaintiff's counsel confirmed that plaintiff had in fact vacated the premises, had removed all of his possessions, had locked and secured the premises, and had placed the key to the premises on the water heater on the front porch (Dkt. 41, Exh. 5). The settlement agreement was never signed and on October 30, 2012 defendants filed the current motion to enforce the agreement.

The district court has the inherent power to summarily enforce settlement a agreement entered into by the litigants while the litigation is pending before it. *Echols v. Nimmo*, 586 F. Supp. 467, 469 (W.D. Mich. 1984). As a matter of Michigan contract law, attorneys have the apparent authority to settle lawsuits on behalf of their clients and opposing parties have the right to rely on the existence of such settlements. Generally, when a client hires an attorney to represent him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter. *Mich. Reg'l Council of Carpenters v. New Century Bancorp, Inc.*, 99 Fed. Appx. 15 (6th Cir., 2004). In this case, plaintiff himself had not only agreed to the settlement, but had made arrangements to appear to sign the settlement agreement at had moved out of the subject premises. The existence of a valid settlement agreement is not diminished by the fact that the parties had yet

to memorialize the agreement. *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir., 2001). Settlement agreements should not normally be set aside, and once a settlement agreement is reached a party cannot disavow it merely because he has had a change of heart. *Metropolitan Life Ins. Co. v. Goolsby*, 165 Mich.App. 126, 128 (1987).

It is clear from the exhibits attached to defendants' motion that at some point plaintiff agreed to settle this matter. Although plaintiff's new counsel, Carolyn J. Jackson, argued valiantly and well for her client, in the end the undersigned was not persuaded that the settlement agreement was invalid or should be set aside. What does not seem just, however, would be to require plaintiff to sign a written settlement agreement or consent judgment to which he no longer agrees nor consents, particularly as this could conceivably affect any right to appeal a dismissal of this matter. Accordingly, the undersigned recommends that the court grant Defendants' Motion to Enforce Settlement Agreement (Dkt. 41) and enter an order that: 1) this matter be dismissed with prejudice and without costs; 2) plaintiff vacate the subject premises in "broom clean" condition within 14 days; and 3) any remaining funds in the property escrow account be surrendered to Fannie Mae.

Respectfully submitted,

Date: January 30, 2013         /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).