UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. PUGNO,

    Plaintiff,

Case No. 1:11-cv-1159

v

HON. JANET T. NEFF

BANK OF AMERICA, N.A. and
FEDERAL NATIONAL MORTGAGE
ASSOC.,

    Defendants.
_____/

**OPINION AND ORDER**

Pending before the Court in this removed action is Defendants' Motion to Enforce Settlement Agreement (Dkt 41). The matter was referred to the Magistrate Judge who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge conducted an evidentiary hearing on Defendants' motion on November 28, 2012, at which time she heard testimony from Plaintiff's prior counsel and took the motion under advisement pending Plaintiff retaining new counsel (Minutes, Dkt 43). Plaintiff retained new counsel, and the Magistrate Judge conducted an on-the-record status conference on January 10,

2013. On January 30, 2013, the Magistrate Judge issued the Report and Recommendation, determining that it was "clear from the exhibits attached to defendants' motion that at some point plaintiff agreed to settle this matter," and indicating she was not persuaded by Plaintiff's arguments that the settlement agreement was either invalid or should be set aside (R&R, Dkt 53 at 3).

In his objections to the Report and Recommendation, Plaintiff argues that "the emails between the parties do not support a complete agreement" (Pl. Objs., Dkt 55 at 2). Specifically, Plaintiff contends that the settlement was "incomplete" inasmuch as there is no evidence that the parties reached an agreement with respect to the issue of a mutual release (*id.* at 1-2). However, the Magistrate Judge found that the parties had resolved the issue of a mutual release, that Plaintiff's prior counsel "confirm[ed] the outline of the settlement agreement after that fact," and that Plaintiff subsequently made arrangements to sign the settlement agreement. Plaintiff's objection does not demonstrate any factual or legal error by the Magistrate Judge, only Plaintiff's dissatisfaction with the result.

Plaintiff also emphasizes that there was a breakdown in his relationship with his prior attorney (Pl. Objs., Dkt 55 at 2). However, as the Magistrate Judge explained on the record on November 28, 2012 and in the Report and Recommendation, Plaintiff's counsel was cloaked with apparent authority to settle the claim on his behalf (R&R, Dkt 53 at 2, citing *Mich. Reg'l Council of Carpenters v. New Century Bancorp, Inc.*, 99 F. App'x 15, at *21 (6th Cir. 2004) ("As a matter of Michigan contract law, which governs the validity of the settlement agreement in this case, attorneys are considered to have the apparent authority to settle lawsuits on behalf of their clients, and opposing parties have the right to rely upon the existence of such settlements when agreed to by attorneys.")).

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the disposition recommended by the Magistrate Judge. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 55) are DENIED and the Report and Recommendation (Dkt 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Enforce Settlement Agreement (Dkt 41) is GRANTED, and this matter is DISMISSED with prejudice and without costs; <u>Plaintiff is to vacate the subject premises in "broom clean" condition within 14 days of entry of this Order</u>.

**IT IS FURTHER ORDERED** that any remaining funds in the Registry Fund of the Court, plus any accrued interest, are RELEASED and DISBURSED to Defendant Federal National Mortgage Association.


Dated: March  4 , 2013                     /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge